## BLEICHMAN v. CONEY ISLAND & B. R. CO.

(Supreme Court, Appellate Term.  June 29, 1911.)

CARRIERS (§ 320*)—INJURIES TO PASSENGER ALIGHTING FROM MOVING CAR— CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   Where the evidence in an action against a street railroad company for personal injuries to a passenger while attempting to alight, in which defendant set up plaintiff's contributory negligence, presented a sharp conflict, an instruction that, if the car had slowed down to a walking speed, plaintiff was not guilty of contributory negligence as a matter of law, is error, the question being for the jury.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1244; Dec. Dig. § 320.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Philip Bleichman against Coney Island & Brooklyn Railroad Company. From a judgment of the Municipal Court for plaintiff upon a verdict, defendant appeals. Reversed, and new trial ordered.

The action was by a passenger for injuries received by an alleged sudden increase of speed of the car while attempting to alight; the issues being the speed of the car and whether a go-ahead signal was given.

Argued before SEABURY, GUY, and BIJUR, JJ.

Dykman, Oeland & Kuhn (Edward D. Kelly, of counsel), for appellant.

Louis H. Schleider, for respondent.

SEABURY, J.  This action was brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant's servants. The learned trial court charged the jury that:

" * * * If you find from the evidence in this case that this car slowed down to, as has been testified, a walk of a child or a person, then I charge you that as a matter of law he is not guilty of contributory negligence. * * *"

To this part of the charge the defendant duly excepted. The evidence in this case presented a sharp conflict of fact, and we think that the charge of the learned trial court was erroneous and prejudicial.

. Under the facts of this case, it was for the jury to determine as a matter of fact from the evidence presented whether the plaintiff was or was not guilty of negligence which contributed to the accident.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Upon this question presented by the evidence, the defendant was entitled to the judgment of the jury.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.